## GRACE RANDOLPH v. AMANDA THOMPSON.[1]

April 13, 1928.

No. 26,646.

**Verdict for landlord's share of crop was sustained by evidence.**
　　The verdict is sustained by the evidence. The charge of the court fairly and properly submitted the issues as finally framed.

　　Evidence, 22 C. J. p. 1129 n. 65.
　　Landlord and Tenant, 36 C. J. p. 707 n. 57.

Defendant appealed from an order of the district court for Kittson county, Grindeland, J. denying her alternative motion for judgment or a new trial. Affirmed.

*A. N. Eckstrom,* for appellant.
*P. H. Konzen,* for respondent.

[1] Reported in 219 N. W. 91.

HILTON, J.

This is an action for conversion of certain grain. Verdict was in favor of plaintiff; appeal is from an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff was the owner of a farm in Kittson county. On November 7, 1925, a written conditional five-year farm contract was entered into between the parties. By its terms the second party (owner of the land) was to give to first party (lessee) three-fourths of all grain and seeds raised on the farm during 1927, 1928, 1929 and 1930. The contract was silent in that regard as to 1926. The complaint, in the usual manner, alleged a conversion by defendant on October 16 to 25, 1926, of a described amount of grain of the value of $915.30. The answer was a general denial.

In his opening address to the jury, attorney for plaintiff claimed that in April, 1926, the terms of the contract were verbally changed by providing for the cropping of the land in that year, his client to have one-fourth of the crop. His attempts to put in proof as to such change were not successful. Objections thereto were sustained on the ground that, in the absence of fraud and misrepresentation, the terms of a written contract could not be varied by parol. The court did however allow testimony showing what was done in the way of cropping the land in 1926. A remark of the court indicated that, under the written contract, plaintiff would be entitled to all the crops raised on the land in 1926. Her attorney then shifted his position and relied upon the written contract. He expressly stated that he abandoned the position of standing upon the claimed oral agreement. The court was about to dismiss the jury, receive all evidence offered, and proceed with the trial as a court case stating there was nothing but a question of law involved. Thereupon the request of the defendant to amend the answer was granted.

The amended answer alleged that the original agreement between the parties was that, as to 1926, defendant was to have all crops and no rental was to be paid; that through mistake the scrivener drawing the contract omitted to insert that part of the agreement; that defendant believed that such provision was in the contract and

relied upon the same and acted accordingly; that plaintiff had no interest in the crops. It further asked that the contract be reformed to conform with the intention of the parties. The reply was a general denial. The trial proceeded on the new alignment, and the case was submitted to the jury on that theory. The jury returned a verdict in favor of plaintiff for $238.12, being the value of one-fourth of the crop.

The court in its charge submitted two propositions: "Was there a mistake in reducing the agreement to writing— * * * If not, the written contract stands and controls. Second, if you find that there was a mistake in reducing the agreement to writing, then the question is: What was the mistake?" The court further instructed that if the jury found from the evidence that the agreement was that defendant was to pay no rental for 1926, then the verdict must be for the defendant; that if it found from the evidence that the written contract was in accordance with the agreement, then the written contract would control and plaintiff would be entitled to recover the amount she then asked for, one-fourth of the crop.

We have examined the errors assigned and find no ground for reversal therein. The court fairly and properly submitted the issues as finally framed by the parties. There was a conflict in the evidence, but the verdict had ample support therein and should not be disturbed.

Affirmed.